IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE E. GROGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-CV-00056-GPM-DGW |
| ) | |
| BNSF RAILWAY COMPANY ) | |
| A Corporation, ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Ronnie E. Grogan, Plaintiff, for his causes of action against Defendant BNSF Railway Company, states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This action is brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq*. (FELA), and the Federal Regulations promulgated pursuant to those acts. Jurisdiction and venue are proper pursuant to 45 U.S.C. § 56.

2. Plaintiff resides at 203 E. Valley, Willow Springs, Missouri 65793.

3. Defendant BNSF Railway Company is and was at all times relevant a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

4. Defendant operates trains in the transportation of freight in and between the States of Illinois and Missouri and other states, and, at all relevant times mentioned, is and was engaged in business in the State of Illinois. Defendant's registered agent for

service of process is: CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

## COUNT I – INJURY OF AUGUST 4, 2006
## NEGLIGENCE

5. In August, 2006, and for a long time prior to thereto, plaintiff was employed by and working for defendant as a track laborer/machine operator. Parts of plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and in August, 2006, plaintiff was employed by and engaged with the defendant in interstate commerce.

6. In August, 2006, while plaintiff was engaged in interstate commerce with and working for defendant as a track laborer at Metropolis, Illinois, it became and was his duty to use a maul to strike concrete clips in order to drive them into place. As plaintiff was so engaged in the course and scope of his employment, the concrete clips kept popping off and one of them struck plaintiff in the face, nose eyes. As a direct result of the aforesaid, plaintiff sustained permanent, painful, disabling and disfiguring injuries hereinafter described.

7. At all times material hereto, defendant was under a duty to furnish and provide plaintiff with a reasonably safe place to work, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

8. Plaintiff's injuries and damages were directly caused, in whole or in part, by the negligent acts or omissions of the defendant in one or more of the following respects, to-wit:

    a)    it provided plaintiff with concrete clips that were old, defective, in a state of disrepair and unsafe to use;

    b)    it failed to provide plaintiff with reasonably adequate warnings that the subject concrete clips were old, defective, in a state of disrepair and unsafe to use;

    c)    it provided plaintiff with concrete clips that were hollow and that were not suitable for the use to which they were put;

    d)    it failed to provide plaintiff with reasonably adequate warnings that the subject concrete clips were hollow and were not suitable for the use to which they were put; and

    e)    it failed to heed plaintiff's warnings that the concrete clips were defective and were not suitable for the use to which they were put and that they kept popping off.

9.  Each of the defendant's above-described acts or omissions constitutes negligence.

10. By reason of the foregoing acts or omissions, the defendant knew or, in the exercise of ordinary care, should have known that it was reasonably likely that employees, including plaintiff, would be injured thereby.

11. As a direct result of the foregoing negligent acts or omissions of the defendant, plaintiff suffered injuries to his face, left eye, right eye and nose.  These injuries have required plaintiff to undergo medical treatment and will in the future require plaintiff to undergo medical treatment.  Plaintiff's general health and strength have been permanently weakened, diminished and impaired.  Plaintiff has suffered and will ever

suffer severe physical pain and mental anguish.  Plaintiff's injuries are disfiguring and cause embarrassment.  Prior to these injuries, plaintiff was a strong, able-bodied man, capable of earning and actually earning a substantial wage.

12. On account of the aforementioned injuries, plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past lost wages; b) past and future medical expenses; c) past and future pain and suffering; d) past lost fringe benefits; e) disfigurement; f) diminished ability to enjoy the normal pursuits of life.

WHEREFORE, plaintiff prays judgment against the defendant in this Count I of his Complaint in an amount exceeding $75,000, for pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court.

### COUNT II – INJURY OF MARCH 10, 2008
### NEGLIGENCE

13. Plaintiff Grogan hereby incorporates paragraphs 1 through 12 the same as if they were fully set forth herein.

14. In March, 2008, and for a long time prior to thereto, plaintiff was employed by and working for defendant as a machine operator. Parts of plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and in March, 2008, plaintiff was employed by and engaged with the defendant in interstate commerce.

15. On or about March 10, 2008, while plaintiff was engaged in interstate commerce with and working for defendant as a machine operator at Portageville, Missouri, it became and was his duty to slide plates onto new ties while another employee used a claw bar to pry in between the ties and rail. As plaintiff was so engaged in the course and scope of his employment, the claw bar struck the middle finger of plaintiff's right hand, cutting off the tip of plaintiff's middle finger. As a direct result of the aforesaid, plaintiff sustained severe, permanent, painful, disabling and disfiguring injuries hereinafter described.

16. At all times material hereto, defendant was under a duty to furnish and provide plaintiff with a reasonably safe place to work, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

17. Plaintiff's injuries and damages were directly caused, in whole or in part by the negligent acts or omissions of the defendant in one or more of the following respects, to-wit:

    a) it failed to promulgate and enforce reasonable safety rules, customs, policies, practices and procedures involving the use of claw bars;

    b) it failed to properly train its employees in the safe use of claw bars;

    c) it failed to provide its employees with reasonably adequate warnings on the safe use of claw bars; and

    d) it failed to warn employees to use reasonable caution in the use of claw bars and to be aware of their surroundings, including the proximity of co-workers.

18. Each of the defendant's above-described acts or omissions constitutes negligence.

19. By reason of the foregoing acts or omissions, the defendant knew or, in the exercise of ordinary care, should have known that it was reasonably likely that employees, including plaintiff, would be injured thereby.

20. As a direct result of the foregoing negligent acts or omissions of the defendant, plaintiff suffered injuries to his right hand and middle finger, including traumatic amputation of the tip of the right middle finger.  These injuries have required plaintiff to undergo extensive medical treatment, including multiple surgical procedures and physical therapy.  Plaintiff will in the future require extensive medical treatment, possible surgery and physical therapy.  The strength, use and function of plaintiff's body right hand and right middle finger, and plaintiff's general health and strength have been permanently weakened, diminished and impaired.  Plaintiff has suffered and will ever suffer severe physical pain, including phantom pain in the missing portion of the right middle finger, and mental anguish.  Plaintiff's injuries are disfiguring and cause embarrassment.  Prior to these injuries, plaintiff was a strong, able-bodied man, capable of earning and actually earning a substantial wage.

21. On account of the aforementioned injuries, plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) diminished earning capacity; c) past and future medical expenses; d) past and future pain and suffering; e) past and future lost fringe benefits; f) past and future loss of ability to perform household services; g) disfigurement; h) diminished ability to enjoy the normal pursuits of life.

WHEREFORE, plaintiff prays judgment against the defendant in an amount exceeding $75,000, for pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court.

## JURY TRIAL DEMAND

Pursuant to Fed.R.Civ.P. 38, the plaintiff demands a trial of this cause of action by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff respectfully designates East St. Louis, Illinois as the place of trial.

## DESIGNATION OF LEAD COUNSEL OF RECORD

Pursuant to U. S. District Court, Southern District of Illinois, Local Rule 5.1(a), Plaintiff hereby designates Kenneth E. Barnes as lead counsel of record in the above-captioned cause of action.

Respectfully submitted,

 s/Kenneth E. Barnes
Kenneth Barnes, Bar No. 48579
THE BARNES LAW FIRM, L.L.C.
1100 Main Street, Suite 2300
Kansas City, MO 64105-5187
Telephone: 816.221.4321
Fax: 816.471.4321
Email: kbarnes@law4321.com

ATTORNEYS FOR PLAINTIFF